## TEPFER v. RIVAL GAS & ELECTRIC FIXTURE SUPPLY CO.

.(Supreme Court, Appellate Term.   June 25, 1909.)

CORPORATIONS (§ 155*)—DIVIDENDS—ACTION FOR DIVIDEND.

　　A corporation having a capital stock of $10,000 declared a dividend of 120 per cent. on it appearing that it had a surplus of over $13,000 in assets, consisting in part of stock, raw and manufactured, and fixtures; the resolution for the dividend providing that creditors entitled to $9,000 should first be paid. *Held*, that before payment of such indebtedness a stockholder could not maintain an action for his share of the dividend.

　　[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 155.*]

Appeal from City Court of New York, Trial Term.

Action by Samuel Tepfer against the Rival Gas & Electric Fixture Supply Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Max D. Stuer (David L. Podell, of counsel), for appellant.

David W. Rockmore (Thomas Conyngton, of counsel), for respondent.

PER CURIAM. The plaintiff brought this action, as assignee of two stockholders, to effect the payment of proportionate sums of dividend declared by the directors of the corporation named above in resolutions passed January 14, 1907, that $12,000 be appropriated and set aside from the surplus profits of the company, to be "paid in such amounts and at such times as may be most convenient and for the best interests of the company," with a proviso that no such dividend be paid until after first paying the accounts of three creditors named.

Without offering criticism upon the declaration of a dividend of 120 per cent. upon the capital stock ($10,000) immediately upon receiving the report of specially employed accountants showing an apparent surplus of $13,754.88 in assets, made up of customers' accounts, inventoried stock (raw and manufactured), and fixtures, amounting, with $3,110.09 in cash, to $51,404.78, the provision seems not unreasonable that creditors for over $9,000 should be paid in any event before entering upon a distribution to stockholders and possibly crippling the corporation by a forced realization upon materials necessary to carry on its business. Notwithstanding general statements to the contrary, it was sufficiently shown at the trial that none of the creditors, satisfaction of whose accounts was made in the resolution upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which the plaintiff's case depended a condition precedent to the payment of any dividend, had been paid before the beginnnig of this action, and consequently that no cause of action existed at its inception.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.